IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Aquarius Keith, ) | Civil Action No. 1:09-cv-2685-RMG-SVH |
| ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| R. Hilton, Cpl. Terry, Ofc. Belton, John B. ) | |
| McRee, Vera E. Courson, Mr. Oberman, ) | |
| and Ms. Breon, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains that his constitutional rights were violated in various respects. This case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) D.S.C. The Magistrate Judge recommended granting Defendants' summary judgment motion. (Dkt. No. 69). Plaintiff has not objected to the R&R. As shown herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's report.

**Background**

First, Plaintiff contends that defendants Hilton and Oberman improperly failed to reassign him to a one-man cell due to his anti-social personality disorder. Second, Plaintiff claims that defendants Terry and Belton failed to provide him with medical assistance and made inappropriate statements as Plaintiff allegedly suffered from a seizure. Third, Plaintiff believes that defendants McRee and Courson were deliberately indifferent to his medical care when the alleged seizure occurred. Specifically, Plaintiff

1

complains that McRee improperly reported that Plaintiff was manipulating medical services in his medical records. He complains that Courson improperly failed to order he be taken to medical when she observed him after he claims he had a seizure. Finally, Plaintiff claims that defendant Breon discriminated against him by not serving as his counselor because of his sexual misconduct charges.

## Discussion

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

A. Claims against defendants Hilton and Oberman

Plaintiff complains that defendants Hilton and Oberman violated his rights by refusing to reassign him to a single man cell and the failure to house him in a single cell constitutes cruel and unusual punishment.

First, to state a cognizable Eighth Amendment claim related to prison conditions, a two-pronged showing is necessary: (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials. *Williams v. Griffin*, 952 F.2d 820, 824-25 (4th Cir. 1991). The Eighth Amendment is "implicated

only in those cases where a prisoner is deprived of the 'minimal civilized measure of life's necessities.'" *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); *McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). In other words, the placement and assignment of inmates into particular institutions, units, or cells by state or federal corrections departments are discretionary functions, and those decisions are not subject to review unless state or federal law places limitations on official discretion. Although Plaintiff claims his request is based on a personality disorder, Plaintiff has produced no documentation from a doctor or medical professional indicating that his mental diagnosis requires him to be placed in a single person cell. Therefore, Plaintiff's claim against Hilton and Oberman cannot survive summary judgment.

    B.    Deliberate Indifference to Plaintiff's Serious Medical Needs

        1.    Defendants McRee and Courson

In his complaint, Plaintiff alleges McRee improperly reported in his medical records that he manipulated medical services, based on witness accounts and without a medical examination. Plaintiff also alleges Courson did not properly examine him after

his alleged seizure or order security to take him to medical, and instead relied on officers' accounts of the incident.

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met . . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 103-105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. In other words, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990) (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994);

4

In view of the above authority, Plaintiff's claim of medical indifference against McRee and Courson cannot survive summary judgment. Plaintiff claims that he was not properly examined after he allegedly suffered a seizure, but his medical records indicate he was observed by Courson during the seizure. Courson reported her observation's in Plaintiff's medical records, and added that officers reported Plaintiff used a mirror to see when they were coming near his cell and removed it before he began shaking on the floor. Thus, Plaintiff has failed to set forth evidence demonstrating Courson had actual knowledge of a serious medical need of Plaintiff's and was deliberately indifferent to it. Additionally, while Plaintiff may object to McRee's notation in his medical records that Plaintiff manipulated medical services, he has failed to state a constitutional violation against McRee. Therefore, McRee and Courson are entitled to summary judgment.

2. Defendants Terry and Belton

Plaintiff claims that defendants Terry and Belton witnessed him having a seizure, but told him they believed he was faking and refused to request medical attention. Defendant Terry claims he called Nurse Courson in order to provide medical attention for Plaintiff. As noted above, the Fourth Circuit has held that to bring a claim alleging the denial of medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir.1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id.* Although Plaintiff makes a conclusory allegation that Terry and Belton refused to provide to request medical attention, it is undisputed that Plaintiff did receive

medical attention from defendant Courson following the alleged seizure. Therefore, Plaintiff's claim against defendants Terry and Belton cannot survive.

C. Claim Against Defendant Breon

Plaintiff's claims against defendant Breon are based on alleged discrimination for her refusal to be his counselor due to his disciplinary record of infractions for sexual misconduct. However, Plaintiff further complains that Breon counsels other inmates with sexual misconduct charges.

Plaintiff has not set forth a viable claim against Breon. To the extent Plaintiff is claiming a violation of the Fourteenth Amendment, his claim must fail. Prisoners with extensive sexual misconduct charges do not constitute a protected class, and Plaintiff has not alleged a fundamental right is involved. Additionally, Plaintiff has not shown a deliberate indifference to a serious medical need, as he has received treatment for his mental problems and complains only that Breon in particular is no longer assigned to him. Finally, Plaintiff has been unable to demonstrate he has been deprived of a basic human need. Therefore, Plaintiff's claim against Breon must fail.

D. Qualified Immunity

Defendants also assert that they are entitled to qualified immunity in their individual capacities. The Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 (1982), established the standard which the court is to follow in determining whether the defendant is protected by this immunity. *Harlow* held that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818.

If the court first determines that no right has been violated, the inquiry ends there "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). As discussed above, Plaintiff has failed to present sufficient evidence to support his constitutional violation allegations. Even if Plaintiff had presented sufficient evidence of a constitutional violation, Defendants are entitled to qualified immunity from suit. *Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992) (holding that Governmental officials performing discretionary functions are shielded from liability for money damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known).

## Conclusion

Based on the above, Defendants' Motion for Summary Judgment is **granted**. (Dkt. No. 47).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December **8**, 2010
Charleston, South Carolina